IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03186-GPG
(**The above civil action number must appear on all future papers
 sent to the Court in this action.  Failure to include this number
 may result in a delay in the consideration of your claims.**)

WESLEY R. "WOLF" BROWN,
also known as
WOLF, also known as
WESLEY R. BROWN, also known as
WESLEY BROWN,

       Plaintiff,

v.

J. DOE, Chief Justice of the Colorado Supreme Court,
J. DOE, Sheriff or acting Sheriff, Arapahoe County Dentention [sic] Facility, and
J. DOE, Supervisor of the Law Library at the Arapahoe County Dentention [sic] Facility,

       Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

       Plaintiff, Wesley R. "Wolf" Brown, also known as Wolf among other aliases listed

in the caption to this order, is a pretrial detainee who currently is incarcerated at the

Arapahoe County Detention Facility in Centennial, Colorado.  Mr. Brown initiated this

action by filing *pro se* a Prisoner Complaint (ECF No. 1) for injunctive relief and a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

(ECF No. 2).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the

Court has determined that the documents are deficient as described in this order.

Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any

papers that Plaintiff files in response to this order must include the civil action number

noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  X   is missing <u>completed</u> certificate of prison official or a written document
         demonstrating that the authorized prison official refuses to sign and date
         it, and <u>certified</u> copy of prisoner's trust fund statement for the 6-month
         period immediately preceding this filing
(4)  __  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  X   is missing an original signature by the prisoner
(7)  __  is not on proper form
(8)  X   names in caption do not match names in caption of complaint, petition or
         habeas application
(9)  __  An original and a copy have not been received by the Court.
         Only an original has been received.
(10) X   other:  <u>Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00
         administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a
         certified copy of his six months' trust fund statement.</u>

**Complaint, Petition or Application**:
(11) __  is not submitted
(12) __  is not on proper form
(13) __  is missing an original signature by the prisoner
(14) __  is missing page no. __
(15) __  uses et al. instead of listing all parties in caption
(16) __  An original and a copy have not been received by the Court.  Only an
         original has been received.
(17) __  Sufficient copies to serve each defendant/respondent have not been
         received by the Court.
(18) __  names in caption do not match names in text
(19) __  other:

The Court must construe the Prisoner Complaint liberally because Mr. Brown is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons

2

stated below, Mr. Brown will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Brown is suing an improper party.  Mr. Brown may not sue the Chief Justice of the Colorado Supreme Court in the absence of specific factual allegations demonstrating that he acted outside the scope of his absolute immunity.  Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

The Prisoner Complaint is unnecessarily verbose, vague, and conclusory.  Mr. Brown's first claim fails to allege a constitutional violation.  His second and third claims allege a violation of access to the courts.  In order to support a claim for denial of access to the courts, "a prisoner must demonstrate actual injury from interference with his access to the courts–that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement."  *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).  Mr. Brown has not shown an issue of fact as to whether he suffered any injury from limited law library access and denial of postage for legal mail.

The amended Prisoner Complaint Mr. Brown will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

3

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Brown "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose

4

of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Brown should name as defendants in the amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brown must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

5

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Brown may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Brown uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Brown will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations, and complies with the Local Rules of Practice for this Court.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Mr. Brown is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Mr. Brown seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims.  The limitation period for a § 1983 action is set by the personal injury statute in the state where the cause of action accrues.

6

*Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984).  In Colorado, the limitations period for a personal injury action is two years.  Colo. Rev. Stat. § 13-80-102.

Accordingly, it is

ORDERED that the clerk of the Court add to the docketing records for this action the aliases for Plaintiff, Wesley R. "Wolf" Brown, listed in the caption to this order.  It is

ORDERED that Mr. Brown cure the designated deficiencies and file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of**

**this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED November 25, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
GORDON P. GALLAGHER
United States Magistrate Judge