IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03186-GPG

WESLEY R. "WOLF" BROWN,
also known as
WOLF, also known as
WESLEY R. BROWN, also known as
WESLEY BROWN,

      Plaintiff,

v.

J. DOE, Chief Justice of the Colorado Supreme Court,
J. DOE, Sheriff or acting Sheriff, Arapahoe County Dentention [sic] Facility, and
J. DOE, Supervisor of the Law Library at the Arapahoe County Dentention [sic] Facility,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Wesley R. "Wolf" Brown, also known as Wolf among other aliases listed in the caption to this order, is a pretrial detainee who currently is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado.  Mr. Brown initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for injunctive relief and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).  The Court reviewed the documents and determined they were deficient.

      Therefore, on November 25, 2014, the Court entered an order (ECF No. 4) directing Mr. Wolf to cure certain enumerated deficiencies and file an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules

of Civil Procedure within thirty days if he wished to pursue his claims.      The

November 25 order pointed out that Mr. Wolf failed to submit either the $400.00 filing

fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §

1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012,

with an authorization and completed certificate of prison official.  The November 25

order also pointed out that Mr. Wolf failed to submit a certified copy of his trust fund

account statement for the six-month period immediately preceding this filing.  The

November 25 order further pointed out that the Prisoner's Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915 was missing Plaintiff's original signature, and

the names in the caption did not match the names in the caption of the Prisoner

Complaint.

　　　　The November 25 order directed Mr. Wolf to obtain, with the assistance of his

case manager or the facility's legal assistant, the Court-approved forms for filing a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and

a Prisoner Complaint, and to use those forms in curing the designated deficiencies and

in filing a Prisoner Complaint that sued the proper parties, complied with the pleading

requirements of Fed. R. Civ. P. 8, and asserted each Defendant's personal participation

in the alleged constitutional violations.  The November 25 order warned him that if he

failed to cure the designated deficiencies or file an amended Prisoner Complaint as

directed within thirty days, the action may be dismissed without further notice.

　　　　Magistrate Judge Boland further warned Mr. Brown that, even if the Court

dismissed the instant action without prejudice for failure to comply with the November

25 order, the dismissal may act as a dismissal with prejudice if Mr. Brown sought to

2

refile in this Court because the two-year statute of limitations may have run on his §

1983 claims.

Mr. Wolf has failed within the time allowed to cure the designated deficiencies,

file an amended Prisoner Complaint as directed, or otherwise communicate with the

Court in any way.  Therefore, the action will be dismissed without prejudice for Mr.

Wolf's failure to cure the designated deficiencies and file an amended Prisoner

Complaint as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Wolf files a notice of appeal he also must pay the full $505.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are

dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for the failure of Plaintiff, Wesley R. "Wolf" Wolf, to cure the deficiencies

designated in the order to cure of November 25, 2014, and file an amended Prisoner

Complaint as directed within the time allowed, and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __5th__ day of ___January_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

4